## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NELLIE MONTEIL HENRIQUEZ** | **:** | |
| **2121 Arlington Terrace** | | |
| **Alexandria, VA 22303** | **:** | |
| | | |
| **Plaintiff,** | **:** | |
| | | |
| **v.** | **:** | **Case No. _____** |
| | | |
| **WASHINGTON METROPOLITAN AREA** | **:** | |
| **  TRANSIT AUTHORITY (a/k/a "WMATA")** | | |
| **600 Fifth Street NW** | **:** | |
| **Washington, DC 20001** | | |
| | **:** | |
| **Serve:    Carol O'Keeffe, Esquire** | | |
| **            General Counsel's Office** | **:** | |
| **            WMATA** | | |
| **            600 Fifth Street NW** | **:** | |
| **            Washington, DC 20001** | | |
| | **:** | |
| **Defendant.** | | |

### COMPLAINT

### JURISDICTION AND VENUE

1.      Jurisdiction in this Court is founded on the Washington Metropolitan Area

Transit Regional Compact, which establishes original jurisdiction in this Court over

WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of

Columbia law as D.C. Code Ann. § 9-1107.10.

2.      Venue in this Court is proper as the negligent acts and/or omissions

committed by Defendants occurred in the District of Columbia.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## PARTIES – DEFENDANT:  WMATA

3.      At all times relevant herein, Defendant Washington Metropolitan Area Transit Authority ("WMATA") was the owner of the Metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

4.      Defendant WMATA was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq*., which was signed by the District of Columbia, Maryland, and Virginia.

5.      By the terms of the WMATA Compact that created it, WMATA is liable for its negligent acts and/or omissions and those of its Directors, officers, employees, and agents committed in the conduct of any proprietary function.      D.C. Code § 9-1107.01(80).

6.      The provision of mass transportation is a proprietary function within the meaning of the WMATA Compact.

## PARTIES – PLAINTIFF:  NELLIE MONTEIL HENRIQUEZ

7.      Plaintiff, Nellie Monteil Henriquez, is and was at all times relevant herein an adult citizen of the Commonwealth of Virginia.

8.      As a result of Defendant's negligence, as set forth *infra*, on January 12, 2015, Nellie Monteil Henriquez suffered severe injuries due to smoke inhalation and fear of impending death over the course of approximately forty-five minutes while a passenger on WMATA Yellow Line Train 302.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## RELEVANT FACTS

9.      On the afternoon of January 12, 2015, WMATA Train 302 was traveling on the Yellow line toward Huntington, Virginia, with over two hundred passengers on board.

10.     At approximately 3:15 p.m., several hundred feet after having left the L'Enfant Plaza station, Train 302 encountered dense smoke in the tunnel and came to an abrupt halt.

11.     Upon information and belief, a circuit breaker had tripped on the third rail (the conductor running alongside the train tracks that supplies high-voltage electric power to Metro trains) of that section of track approximately ten minutes beforehand, but it went uninvestigated by WMATA.

12.     Train 302 became disabled in the tunnel, without power and illuminated by emergency lighting only.

13.     Passengers on Train 302 were instructed to remain calm, to stay on the train, and to keep the doors closed, since they would be returning to the L'Enfant Plaza station in short order.  These instructions were to be repeated throughout the passengers' ordeal.

14.     At approximately 3:16 p.m., WMATA Operations Control Center attempted to activate ventilation fans to evacuate the smoke from the relevant section of tunnel.  Upon information and belief, the fans failed to achieve their objective due to their failure to activate, their activation in the wrong direction, or some other cause.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

15.     According to the National Transportation Safety Board's Preliminary Report on the incident,[1] released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 feet ahead of where Train 302 stopped.   Photos taken by NTSB investigators reveal the severity of the damage done by the arcing:

 

16.     At approximately 3:18 p.m., the District of Columbia Office of Unified Communications ("OUC") received a 911 call from a construction worker reporting smoke emanating from a Metro ventilation shaft located at 9th Street and Maine Avenue SW, roughly a half-mile south of the train's location.

17.     At approximately 3:22 p.m., OUC received a 911 call from WMATA Supervisor of Metro Rail Unit 22 reporting heavy smoke in the L'Enfant Plaza station.

18.     At approximately 3:25 p.m., the train traveling just behind Train 302 on the same route arrived at the L'Enfant Plaza station, encountered smoke, and stopped roughly 100 feet short of the southern end of the platform.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[1] NATIONAL TRANSPORTATION SAFETY BOARD, *Preliminary Report: WMATA Smoke and Electrical Arcing Accident in Washington, DC*, Jan. 16, 2015, http://www.ntsb.gov/investigations/AccidentReports/Pages/DCA15FR004_preliminary.aspx.

- 5 -

19.     At approximately 3:28 p.m., OUC dispatched a "Metro Station Box Alarm," which, in compliance with District of Columbia Fire and Emergency Medical Services Department ("FEMS") protocol, included the following units: (a) 5 Engine Companies; (b) 2 Ladder Trucks; (c) 2 Battalion Fire Chiefs; (d) 1 Battalion Fire Chief to WMATA Operations Command Center ("OCC") in Landover, MD; (e) 1 Heavy Rescue Squad; (f) 1 Basic Life Support Unit; (g) 1 Advanced Life Support Unit; and (h) 1 EMS Supervisor.

20.     At approximately 3:31 p.m., the first FEMS responders arrived on-scene at the L'Enfant Plaza station.

21.     At approximately 3:33 p.m., OUC received the first of several 911 calls from frightened passengers on smoke-filled Train 302.

22.     Not until approximately 3:44 p.m. did WMATA confirm to FEMS that electricity to the relevant sections of the third rail had been shut off in order to allow the FEMS crews to safely access Train 302.

23.     Although FEMS personnel were ready to begin evacuating Train 302's passengers at 3:49, the evacuation did not commence until approximately 4:00 due to WMATA's failure to timely inform the FEMS that is was safe to commence rescue operations.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT I
### (Negligence: Defendant WMATA)

24.     Plaintiff incorporates, by reference, paragraphs 1 through 23, above, as if fully set forth herein.

25.     At all times relevant herein, WMATA's trains, railroad operations, tunnels, tracks, and adjoining railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

26.     On January 12, 2015, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and property, including locomotives, trains, signs, signal, switches, safety devices, communication devices, and other equipment at and along the subway property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

27.     At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers, including Plaintiff.

28.     Defendant WMATA breached this duty in some or all of the following ways:

        a.      By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

        b.      By failing to properly inspect and maintain the ventilation system for the relevant section of tunnel;

        c.      By failing to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency;

        d.      By failing to calibrate its radio equipment to be compatible with that of FEMS despite having clear notice of its non-compliance;

        e.      By failing to equip its trains, specifically Train 302, with safety equipment adequate for emergencies of this nature;

        f.      By failing to adequately investigate the third-rail circuit breaker that tripped at 3:06 p.m. on January 12;

        g.      By failing to move Train 302 to a safe location (*e.g.*, back to the L'Enfant Plaza station) after it first encountered smoke in the tunnel;

        h.      By failing to in a timely manner shut off electricity to the third rail in the relevant section of tunnel;

        i.      By failing to in a timely manner inform FEMS that electricity had been shut off to the third rail in the relevant section of tunnel;

        j.      By failing to in a timely manner evacuate Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and/or

        k.      By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and death.

29.    As a direct and proximate result of Defendant WMATA's negligence, Plaintiff was trapped, helpless, in Train 302 for nearly forty-five minutes as it filled with smoke; during this time she endured severe physical pain and mental anguish as the smoke filled her lungs and she confronted the fear of impending death. As a result, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff, Nellie Monteil Henriquez, respectfully requests a compensatory judgment against Defendant in an amount to be determined at trial by a

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -

- 8 -

jury, plus costs of suit, and such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI LONG

By:   /s/ *Victor E. Long*
Patrick M. Regan            #336107
pregan@reganfirm.com
Victor E. Long               #323634
vlong@reganfirm.com
Christopher J. Regan       #1018148
cregan@reganfirm.com
1919 M Street NW, Suite 350
Washington, DC  20036
PH:  (202) 463-3030
FX:  (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030